Ford & Harrison LLP
Mohammad B. Shihabi (SBN 337819)
mshihabi@fordharrison.com
Hilda Aguilar (SBN 276459)
haguilar@fordharrison.com
350 South Grand Avenue
Suite 2300
Los Angeles, CA 90071
Telephone: 213-237-2400
Facsimile: 213-237-2401

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY BRADSHAW, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. '23CV0593 H   BLM<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>Date Filed: 03/01/2023<br>Trial Date: None |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Wal-Mart Associates, Inc. ("Walmart") files this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.   INTRODUCTION**

1.   Plaintiff Ashley Bradshaw ("Plaintiff") filed a complaint on March 1, 2023, in the Superior Court of California, County of San Diego, entitled "*Ashley Bradshaw v. Wal-Mart Associates, Inc., a Delaware corporation; and DOES 1*

*through 20*," Case No. 37-2023-00008631-CU-WT-NC (the "State Court Action"). (Declaration of Mohammad Shihabi ("Shihabi Decl.") ¶ 3).

2. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Walmart in this action, is attached to the Declaration of Mohammad B. Shihabi as Exhibits A through C. (Shihabi Decl. ¶¶ 3-6, Exs. A-C).

3. On March 31, 2023, Walmart filed an Answer with the Clerk of the Superior Court of California, County of San Diego. (Shihabi Decl. ¶ 5, Ex. C).[1]

4. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Walmart and/or filed in the State Court Action. To Walmart's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, San Diego, or served by any party. (Shihabi Decl. ¶ 6).

## II. NATURE OF THE SUIT

5. Plaintiff alleges that she was employed at Walmart from September 28, 2020 until March 5, 2021. (Compl. ¶¶ 7 and 15). Plaintiff alleges that in or around October 4, 2020, she suffered an on-the-job injury and reported the injury on the following day, as a result of which Plaintiff received leave from work for two to three days. (Compl. ¶ 8). Plaintiff further alleges that she filed a workers' compensation lawsuit in or around November 2020. (Compl. ¶ 9). Plaintiff next claims that in or around November 2020, she took another medical leave, with a return-to-work date of March 1, 2021. (Compl. ¶ 10). Plaintiff then alleges that in or around February 2021, she discovered she was pregnant. (Compl. ¶ 11). Plaintiff claims that when she reported to work on March 1, 2021, she spoke with Human Resources, advised them that she was pregnant and that she had been hospitalized twice related to medical issues, and handed them a medical note,

---

[1] We are including a PDF of the Answer filed and served on April 3, 2023, and will provide the Court with a file-endorsed copy upon receipt.

1  noting that she had lifting restrictions.  (Compl. ¶ 12).  Plaintiff alleges that on
2  March 3, 2021, she called out sick.  (Compl. ¶ 13).  Plaintiff next claims that on
3  March 4, 2021, she reported to work and clocked in, and worked several hours.
4  (Compl. ¶ 14).  Plaintiff claims that she then began to feel ill and advised her
5  supervisor she was not feeling well, after which her supervisor told her if she could
6  not work, then she should go home.  (*Id.*).  According to Plaintiff, on March 5,
7  2021, Plaintiff was told that Human Resources had sent her last paycheck on March
8  4, 2021, and that she had been terminated.  (Compl. ¶ 15).  Plaintiff alleges that
9  Walmart subjected her to discrimination and retaliation by terminating her
10 employment because of her pregnancy, medical condition, medical leave, and her
11 filing of a workers' compensation lawsuit.  (Compl. ¶ 16).

12        6.    The Complaint filed in the State Court Action alleges the following
13 causes of action: (1) discrimination in violation of the California Fair Employment
14 & Housing Act (disability/perceived disability or medical condition); (2) failure to
15 prevent discrimination in violation of the California Fair Employment & Housing
16 Act; (3) retaliation in violation of the California Fair Employment & Housing Act;
17 (4) wrongful termination in violation of the California Fair Employment & Housing
18 Act; and (5) wrongful termination in violation of public policy.  By this lawsuit,
19 Plaintiff seeks general damages, special damages, loss of earnings, declaratory
20 relief, injunctive relief, attorney's fees, prejudgment interest, punitive and
21 exemplary damages, costs of suit, and such other relief as the court may deem just
22 and proper.  (Compl. at Prayer for Relief).

### III.   BASIS FOR REMOVAL: DIVERSITY

24        7.    A federal court has "original jurisdiction of all civil actions where the
25 matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
26 costs, and is between citizens of different states."  28 U.S.C. §1332(a).  "[A]ny civil
27 action brought in a State Court of which the district courts of the United States have
28 original jurisdiction, may be removed by the defendant."  28 U.S.C. §1441(a).

Therefore, a state court action may be removed if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Each of these requirements is met in this case.

### A.   COMPLETE DIVERSITY OF CITIZENSHIP

8. At all relevant times, Plaintiff is and was a resident of California, County of San Diego. (Compl. ¶ 1). Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

9. "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Walmart is a corporation incorporated under the laws of the State of Delaware. (Shihabi Decl. ¶ 7, Ex. D). Walmart's principal place of business is in Arkansas. (Shihabi Decl. ¶ 7, Ex. E.) Accordingly, Wal-Mart Associates, Inc. is a citizen of Delaware and Arkansas for diversity purposes.

10. Pursuant to 28 U.S.C. Section 1441(b), the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998).

11. Because Plaintiff is a citizen of California and Walmart is a citizen of Delaware and Arkansas, complete diversity exists between the parties.

### B.   AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. The Complaint does not allege a damages amount as to each claim. Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims will exceed the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff

contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*¸ S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. W*hite v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Scherer v. Equitable Life Assur. Society of the United States*, 347 F.3d 394, 399 (2nd Cir. 2003) (noting that amount to consider for jurisdictional purposes is amount put in controversy by the plaintiff's complaint, without regard to subsequently asserted defenses).

13. By this lawsuit, Plaintiff seeks general damages, special damages, loss of earnings, declaratory relief, injunctive relief, attorney's fees, prejudgment interest, punitive and exemplary damages, costs of suit, and such other relief as the court may deem just and proper. (Compl. at Prayer for Relief).

14. While Walmart denies any liability to Plaintiff whatsoever,[2] Walmart asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000.[3]

15. In establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment. *See Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, *4 (C.D. Cal. May 30,

---

[2] Walmart in no way concedes that Plaintiff is owed lost wages or owed any damages at all. Further, Walmart does not waive any argument related to Plaintiff's obligation or failure to mitigate lost wages.

[3] Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*¸ S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04* (9th Cir. 1996).

2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal...and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, *2, n.1 (E.D. Cal. Jun 1, 2007) (plaintiff "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy.  The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

16. According to the most recently-reported data, on March 31, 2022, the median time elapsed from the filing of a complaint until trial in the Southern District of California is approximately 28.5 months.  *See* United States Courts Statistics: https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables. Based on removal in April 2023, the estimated trial date would be September 2025. At the time of Plaintiff's termination, she earned a base hourly rate of $15.10 per hour, and while her hours varied, she worked up to approximately 39 hours per week.  Therefore, in total, Walmart anticipates that Plaintiff will seek approximately **$74,201.40** ($15.1 x 39 hours x 126 weeks) in back wages. Moreover, Plaintiff's back pay will increase should she prevail at trial.  *See Garcia v. ACE Cash Express, Inc*., 2014 U.S. Dist. LEXIS 76351, *11 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal . . . and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc*., 2007 U.S. Dist. LEXIS 43753, *4, n.1 (E.D. Cal. May 31, 2007) (plaintiff "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy" since "[t]he court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

17. Plaintiff, by way of seeking "loss of earnings," also seeks to recover future wages.  (Compl. at Prayer for Relief); *see Huck v. Kone, Inc*., No. C 10-1845

1  RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (holding that because the
2  plaintiff was 52 years old, he could potentially recover 13 years of lost wages).
3  Although Walmart denies such relief would be appropriate, even one year of front
4  pay would amount to **$30,622.80**.

5        18.    Plaintiff is also seeking to recover her attorneys' fees and costs.
6  (Compl. at Prayer for Relief). It is well-settled that when authorized by statute,
7  attorneys' fees are to be included in the calculation of the amount in controversy for
8  purposes of determining whether the requisite jurisdictional minimum is met. *Galt*
9  *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an
10 underlying statute authorizes an award of attorneys' fees, either with mandatory or
11 discretionary language, such fees may be included in the amount in controversy");
12 *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002)
13 (in deciding amount in controversy issue, a court may estimate the amount of
14 reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).
15 While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the
16 Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff
17 could incur in the course of this matter may exceed a damages award. *Simmons v.*
18 *PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

19       19.    Plaintiff is also seeking to recover an unspecified amount of damages
20 for emotional distress or noneconomic damages. The district court decision in
21 *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, *3-4
22 (N.D. Cal July 11, 2008) is instructive on this point. There, a plaintiff filed a
23 FEHA wrongful termination claim, but did not specify the amount sought for
24 emotional distress. In reviewing jury verdicts in employment discrimination cases,
25 the Court found that emotional distress damages in such cases can be "substantial,"
26 noting emotional distress awards ranging from $122,000 to $200,000. *Id*. In
27 *Molina v. Target Corp.,* No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, *3-4
28 (C.D. Cal. August 14, 2018), the court found that plaintiff could potential recover

more than $75,000 in emotional distress damages alone based on jury verdicts from cases with analogous claims which also alleged FEHA violations, wrongful termination, and discrimination on the basis of disability. (Citing to *Rivera v. Costco Wholesale Corp., supra,* 2008 WL 2740399, *4). Indeed, jury verdicts in wrongful termination cases make clear that emotional distress awards are often substantial and frequently awarded in an amount at least twice the underlying economic damages, or, at the very least, in the same amount as economic damages. *See Escoto v. Metric Machining*, 2013 WL 9554716, Case No. CIVRS-12-06532, Superior Court, San Bernardino County (Nov. 14, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and age discrimination case for $55,000 in "pain and suffering," but only $12,000 in back pay); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243, Case No. BC486877, Superior Court, Los Angeles County (Sept. 26, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and retaliation case for $80,000 in "noneconomic damages," but only $40,000 in economic damages); *Cho v. B & B Pharmacy and Healthcare Center*, 2011 WL 8227178, Case No. VC055584, Superior Court, Los Angeles County (July 13, 2011) (verdict in wrongful termination, pregnancy discrimination, and harassment case for $75,000 in "noneconomic loss," but only $37,500 in economic damages); *Husein v. Selma Unified School District*, 2010 WL 8672016, Case No. 08CECG03528, Superior Court, Fresno County (Oct. 26, 2010) (verdict in wrongful termination and racial discrimination case for $110,000 in past and future "noneconomic damages," but about $70,000 in economic damages); *Anthony Lave v. Charter Communications, LLC,* 2017 WL 3712924 (Verdict and Settlement Summary), Case No. RIC1508865, Superior Court, Riverside County (May 19, 2017) (verdict in retaliation, wrongful termination, intentional infliction of emotional distress and discrimination case for $575,000 for emotional distress, and no award for back

pay); *Kareemah Mateen-Dradford v. City of Compton et al.,* 2019 WL 5849141(Verdict and Settlement Summary), Case No. TC026769, Superior Court, Los Angeles County (June 11, 2019) (verdict in retaliation, wrongful termination, and discrimination case for $655,000 for emotional distress, and no award for back pay).

20. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

21. Walmart anticipates that Plaintiff will seek $74,201.40 in back pay and $30,622.80 in front pay. As such, the total amount of economic damages (separate from Plaintiff's claim for emotional distress damages, punitive damages, and attorney's fees) which Walmart anticipates that Plaintiff seeks to recover is **$104,824.20**.

22. Plaintiff also seeks open-ended relief as "such other relief and the Court may deem be just and proper." (Compl. at Prayer for Relief). Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in

controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000).

23. Walmart denies that Plaintiff's claims have any merit. Walmart also denies that Plaintiff suffered any damages. However, based on the categories of relief sought (*i.e.*, lost wages, attorneys' fees, emotional distress, or punitive damages), the amount in controversy clearly establishes the requisite monetary threshold beyond dispute.

24. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV. THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

25. Pursuant to 28 U.S.C. § 1446(a), Walmart has attached to this notice and the declaration of Mohammad Shihabi all pleadings, process, orders, and all other filings in the state court action. (Shihabi Decl. ¶¶ 3-6, Exs. A-C).

26. This Notice of Removal is timely filed in accordance with 28 U.S.C. 1446(b), in that it is filed within thirty (30) days after March 6, 2023, the first and only date on which Walmart was provided with any pleading or other paper in this matter, and this case has been on file for less than one year. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law. *See Id*.

27. Walmart will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of San Diego. (*See* Shihabi Decl. ¶ 8, Ex. F).

28. As required by 28 U.S.C. §1446(d), Walmart will give notice of this removal to Plaintiff. (Shihabi Decl. ¶ 8, Ex. F).

\ \ \

\ \ \

## V. VENUE & INTRA-DISTRICT ASSIGNMENT

29. This action was brought and is pending before the Superior Court of California, San Diego County. San Diego County, California is located within the Southern District of California. Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. §1441(a), & 1446(a).

30. Pursuant to Local Rule 120(d), this action should be assigned to a judge sitting in the Southern District Court in San Diego, California, because it arises in San Diego County.

## VI. CONCLUSION

WHEREFORE, Wal-Mart Associates, Inc. prays that the Court will remove this civil action from the Superior Court of the State of California, San Diego County, to the United States District Court for the Southern District of California. By removing the action to this Court, Wal-Mart Associates, Inc. does not waive any defenses, objections, or motions available to it under state or federal law.

Dated: April 3, 2023

Respectfully submitted,
FORD & HARRISON LLP

By: */s/ Mohammad B. Shihabi*
Mohammad B. Shihabi
Hilda Aguilar
Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

# **PROOF OF SERVICE**

I, Rhoel Garcia, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On April 3, 2023, I served a copy of the within document(s):

**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**

☒ BY U.S. MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☐ BY E-MAIL OR ELECTRONIC TRANSMISSION. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed below.

| | |
|---|---|
| Jared W. Beilke<br>Karina Godoy<br>JML LAW<br>21052 OXNARD STREET<br>WOODLAND HILLS, CA 91367<br>Telephone: (818) 610-8800<br>Facsimile: (818) 610-3030 | Attorneys for Plaintiff ASHLEY BRADSHAW |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that I am employed by a member of the bar of this Court under whose direction this service was made.

Executed on April 3, 2023, at Los Angeles, California.

_____
Rhoel Garcia