1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

ASHLEY BRADSHAW, an individual,

11

Plaintiff,

12

v.

13
14

WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 20, inclusive,

15
16

Defendants.

**CASE NO.  3:23-CV-00593-TWR-BLM**

**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**

**[ECF NO. 11]**

17

Plaintiff Ashley Bradshaw ("Plaintiff") and Defendant Wal-Mart Associates,

18

Inc. ("Defendant") (together, the "Parties") have agreed to and have submitted to the

19

Court, and for good cause shown the Court hereby enters, the following Stipulated

20

Protective Order ("Order"):

21

1.      This Order shall govern the disclosure of materials designated as

22

Confidential Material in this litigation. Confidential Material, as used in this Order,

23

shall refer to any document or item designated as Confidential or Highly Confidential

24

– Attorneys' Eyes Only, including but not limited to, documents or items produced

25

during discovery, all copies thereof, and the information contained in such material.

26

Nothing in this Order shall require any party to produce any specific documents or

27

category of documents which a party deems inappropriate for production.

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

## **Definitions of Confidential Material**

2.     Confidential Material, as used in this Order, consists of the following materials and categories of materials:

a.     Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

b.     Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

c.     Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

The parties shall not designate as confidential information that is already public knowledge.

3.     The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

**<u>Procedure for Designating Information as Confidential</u>**

4.    To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a.    Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b.    Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony.  During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

5.    A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents or information at issue.

Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraph(s) (12-13) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

### Data Security

6.      The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

### Clawback Provisions

7.      The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8.      This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code

§ 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

9.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.     If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11.     A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").  After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose.  The parties shall meet and confer regarding any clawback request.

**<u>Who May Receive Confidential and Highly Confidential Information</u>**

12.     *Confidential Material.*  Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as

1  may from time to time reasonably be necessary in prosecution or defense of this

2  action.

3        13.    *Highly Confidential—Attorneys' Eyes Only Material*. Material and

4  information designated as "Highly Confidential—Attorneys' Eyes Only" shall only

5  be disclosed to the Court, its staff, in-house and outside counsel of record for each

6  party, the secretarial, clerical, and paralegal staff of each, and consulting and

7  testifying experts retained by a party in this action.

8        14.    *Restriction on Disclosure to Direct Competitors*.  Notwithstanding the

9  foregoing, Confidential Material shall not be disclosed to any current or former

10  employees of, or current or former consultants, advisors, or agents of, a direct

11  competitor of any party named in the litigation.  If a Receiving Party is in doubt about

12  whether a particular entity is a direct competitor of a party named in this lawsuit, then

13  before disclosing any Confidential Material to a current or former employee,

14  consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer

15  with counsel for the Producing Party.

16        15.    *Persons Receiving Confidential Information Must Sign Exhibit A*.

17  Counsel for each party shall advise all persons to whom Confidential Material is

18  disclosed pursuant to this Order of the existence of this Order and shall provide all

19  such persons (other than the Court and its staff) with a copy of this Order. Counsel

20  shall also require such persons to execute the Affidavit attached as Exhibit A, prior

21  to the disclosure of Confidential Material.

22        16.    *Duties in the Event of Unauthorized Disclosures*.  It shall be the

23  obligation of counsel, upon learning of any unauthorized disclosure or threatened

24  unauthorized disclosure of Confidential Information, or any other breach or

25  threatened breach of the provisions of this Order, to promptly notify counsel for the

26  Producing Party.  The notification shall be supplemented with reasonable details of

27  the circumstances of the disclosure in order to permit the producing party to

28  understand and take appropriate steps.  Each party and its counsel agree to take

reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information.  This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

## Authorized Uses of Confidential Material

17.     Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

18.     Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

19.     If any person having access to the Confidential Material herein shall maliciously violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

## Challenges to the Designation of Confidential Material

20.     Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation).  Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel.  Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.  The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

**Withholding of Information**

21. *Non-relevant Attachments*.  The parties will not produce non-relevant attachments that are attached to relevant emails.  When an attachment is withheld, either for privilege or non-responsiveness, the producing party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged" or "Attachment Withheld-Nonresponsive", and bearing a sequential BATES number within the family BATES range.  If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness.  The cover email may be redacted in part to remove sensitive information, as described below.

22. *Redactions*.  The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (e.g., protected personal information); and (3) non-relevant sensitive information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people.  Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted–Nonresponsive." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed.  The parties will produce redacted documents in TIFF format (or searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as Excel files) with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

1

**Confidential Material In Filings, Hearings, and Trial**

2      23.      *Confidential Material in Filings*.  Without written permission from the

3  Producing Party or court order secured after appropriate notice to all interested

4  persons, a party may not file Confidential Material in the public record in this action

5  (or in any other action, such as an appeal). A party that seeks to file under seal any

6  Confidential Material must comply with the applicable Local Rules and federal case

7  law regarding filing materials under seal.  Confidential Material may only be filed

8  under seal in a manner prescribed by the Court for such filings.

9      24.      *Filing Under Seal*.  Before any materials produced in discovery, answers

10  to interrogatories, responses to requests for admissions, deposition transcripts, or

11  other documents which are designated as Confidential Information are filed with the

12  Court for any purpose, the party seeking to file such material must seek permission

13  of the Court to file the material under seal. No document may be filed under seal, i.e.,

14  closed to inspection by the public except pursuant to a Court order that authorizes the

15  sealing of the particular document, or portions of it. A sealing order may issue only

16  upon a showing that the information is privileged or protectable under the law. The

17  request must be narrowly tailored to seek sealing only of the confidential or

18  privileged material. To file a document under seal, the parties must comply with the

19  procedures explained in Section 2.j of the Electronic Case Filing Administrative

20  Policies and Procedures Manual for the United States District Court for the Southern

21  District of California and Civil Local Rule 79.2. In addition, in accordance with Judge

22  Major's preferences, a party must file a 'public' version of any document that it seeks

23  to file under seal. In the public version, the party may redact only that information

24  that is deemed 'Confidential.' The party should file the redacted document(s)

25  simultaneously with a joint motion or ex parte application requesting that the

26  confidential portions of the document(s) be filed under seal and setting forth good

27  cause for the request.

28

25.     *Confidential Material in Hearings and Trial*.   The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.   Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least five (5) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.

## **Continuing Effect of this Order and Duty to Destroy**

26.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy all</u> documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee.   This requirement to destroy includes all documents, not only those documents designated as Confidential Material.   The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

## Procedure if Confidential Material Is Required to be Produced

27.     If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material.  The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

## Application of this Order to Productions by Third Parties

28.     This Order may be used by third parties producing documents in connection with this action.  Third parties may designate information as Confidential or Highly Confidential – Attorneys' Eyes Only.

29.     If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material.  In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

30.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

31.     The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

32. *Modification of the Order by the Court*. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings.

33.     This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

**IT IS SO ORDERED.**

Dated:  6/1/2023

Hon. Barbara L. Major
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A TO CONFIDENTIALITY ORDER**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY BRADSHAW, an individual, | CASE NO.  3:23-CV-00593-TWR-BLM |
| Plaintiff, | **AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY ORDER** |
| v. | |
| WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 20, inclusive, | |
| Defendants. | |

**AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY ORDER**

1.     My    name    is    _____.    I    live    at
_____. I am working on behalf (or at the direction and
engagement) of _____.

2.     I am aware that a Confidentiality Order has been entered in the above-
captioned lawsuit.  A copy of this Confidentiality Order has been given to me, and I
have read and understand the provisions of same.

3.     I acknowledge that documents and information designated as
confidential and/or highly confidential pursuant to such Confidentiality Order

("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

4.      I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5.      Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.


Dated: _____

                                        _____
                                                    (Signature)

                                        _____
                                                  (Printed Named)